# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| United States of America, | Case No. 2:21-cr-00026-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER re ECF No. 85** |
| George Washington Sims, III, | |
| Defendant. | |

Presently before the Court is Defendant George Washington Sims' motion to bifurcate. ECF No. 85. The Government opposes this request. ECF No. 154. Mr. Sims' reply is at ECF No. 157.

Mr. Sims is charged with various offenses involving the trafficking, exploitation, and transportation of children (Victims 1, 2, and 3). As to Victim 1, the Indictment charges Mr. Sims with Sex Trafficking of Children (Count I), Sexual Exploitation of Children (Count 2), and Transportation of a Minor with Intent to Engage in Criminal Sexual Activity (Count 3). As to Victim 2, the Indictment charges Mr. Sims with Sex Trafficking of Children (Count 4). Lastly, as to Victim 3, the Indictment charges Mr. Sims with Sex Trafficking of Children (Count 5) and Sexual Exploitation of Children (Count 6).

Mr. Sims seeks to bifurcate the Sexual Exploitation counts (Counts 2 and 6) from the remaining counts. Specifically, he requests that he be tried on the sex trafficking and transportation counts first and, only after the jury makes a determination as to those counts, be immediately tried before the same jury on the sexual exploitation counts. He argues there is a grave risk that if the jury hears evidence and finds him guilty on the sexual exploitation counts, they will impute that same finding as to the trafficking counts. Moreover, he explains that the evidence on the sexual exploitation counts is stronger than the evidence on the remaining counts, increasing the risk of conviction on the other counts on improper grounds. He also explains that

bifurcation might allow him to testify as to some counts while not others and, that otherwise, he might have to elect not to testify. Lastly, he argues that there may be admissibility issues, which were the subject of a *motion in limine* (ECF No. 42), as to evidence the Government intends to present regarding uncharged victims which may not be relevant to the exploitation counts.

The Government argues there is no "serious" risk of prejudice if Mr. Sims is tried for all counts at once. It explains that the victims are expected to testify (as to Counts 1, 3, 4, and 5) that, while they were being trafficked by Mr. Sims, he engaged in sexual acts with them. In addition, the Government anticipates at least two victims will testify that Mr. Sims recorded them as they were engaging in sexual acts with him. In short, the Government explains that the jury will hear this evidence irrespective of whether the counts are bifurcated or not. The Government also takes the position that even if Mr. Sims testified only as to the bifurcated exploitation counts, the Government would still be able to cross-examine him as to the remainder of the counts. Lastly, the Government argues that evidence on the exploitation counts is cross-admissible as to the trafficking counts. To the extent there is any risk of prejudice, the Government contends limiting instructions are the appropriate remedy and would avoid the need for the victims to testify twice.

**I. Analysis**

Federal Rule of Criminal Procedure 8(a) allows joinder of multiple offenses against a single defendant if the offenses are: (a) of the same or similar character; (b) based on the same act or transaction; or (c) connected with or constituting parts of a common scheme or plan. Rule 8 has been broadly construed in favor of joinder because joint trials conserve government funds, minimize inconvenience to witnesses and public authorities, and avoid delays in bringing a defendant to trial. *See United States v. Lane*, 474 U.S. 438, 449 (1986); *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2006).

Federal Rule of Criminal Procedure 14 governs the severance of defendants and charges. *United States v. Vasquez–Velasco*, 15 F.3d 833, 845 (9th Cir. 1994). Even where joinder is proper under Rule 8(a) of the Federal Rules of Criminal Procedure, the court may order separate trials of counts or provide other relief that justice requires if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The court's power to order severance "rests within the

broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar." *United States v. Gay,* 567 F.2d 916, 919 (9th Cir. 1978). The Ninth Circuit has held that Rule 14 sets a high standard for showing prejudice, and the party seeking severance bears the burden of showing "clear, manifest, or undue" prejudice of such a magnitude that, without severance, the party will be denied a fair trial. *See United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996).

The Ninth Circuit has found that joinder of offenses may prejudice a defendant where "(1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find." *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987) (quoting *Drew v. United States,* 331 F.2d 85, 88 (D.C. Cir. 1964)). But "[i]f all of the evidence of the separate count would be admissible upon severance, prejudice is not heightened by joinder." *Johnson,* 820 F.2d at 1070.

Here, Mr. Sims has not shown "clear, manifest, or undue prejudice" such that he would be denied a fair trial in the absence of bifurcation. *Throckmorton*, 87 F.3d at 1072. First, it appears that even if Counts 2 and 6 were bifurcated, the jury would still hear evidence that relates to the exploitation counts. It is anticipated that all three victims are expected to testify (as to Counts 1, 3, 4, and 5) that, while they were being trafficked by Mr. Sims, he engaged in sexual acts with them. In addition, it represents that two victims will also testify that Mr. Sims recorded some of these sexual acts. Further, it contends that pictures of the victims taken at Mr. Sim's behest were used in some prostitution ads. Moreover, the Government expects its expert to testify that it is common for traffickers to engage in sexual acts with their victims (by convincing victims the trafficker is their "boyfriend") and to photograph or videotape these acts.[1]

---

[1] The District Judge already ruled that the expert could testify as to the noticed topics that appear at ECF Nos. 36 and 58. ECF No. 94 at 15-17.

The Court agrees with the Government that the anticipated testimony is at least relevant to the sex trafficking counts: the relationship between Mr. Sims and the three victims, how the victims responded to his requests, his intent and motive in making the videos or taking the pictures, and the identities of those on the videos and pictures. While Mr. Sims argues that the jury should not consider "Sim's purported behavior in the bedroom" in deciding whether he is guilty of the sex trafficking counts because the acts are not "commercial sex act[s]," the Government's argument is that some of these pictures were used for some of the prostitution ads. The Reply does not attempt to rebut this proposition nor does it argue that the evidence is not cross-admissible. In short, there is no "heightened prejudice" if the court denies bifurcation if the evidence in question would still be admissible as to the trafficking counts. *Johnson,* 820 F.3d at 1070.

Next, Mr. Sims argues that evidence for the exploitation counts is strong in comparison to the trafficking counts, such that bifurcation would be appropriate and cites to *United States v. Jawara*, 474 F.3d 565, 580 (9th Cir. 1987). In turn, that case cites to *Bean v. Calderon*, 163 F.3d 1073 (9th Cir. 1998), which sets out facts that appear to be very distinguishable from those here. Here, the Government anticipates the victims will testify to acts involving sex trafficking. In addition, the District Court has allowed the testimony of two other victims as Federal Rule of Evidence 404(b) evidence that will presumably provide additional proof of sex trafficking. ECF No. 94 at 8-9. Thus, it does not appear that this case will suffer from the type of evidentiary disparity present in *Calderon*.

As to the choice Mr. Sims will have to make regarding his testimony, he does not provide much analysis for his argument nor does the case he cites to, *United States v. Johnson*, 820 F.2d 1065 (9th Cir. 2006).

Lastly, Mr. Sims argues that "depending on how this Court rules on the [FRE] 404(b) motion, there may be cross-admissibility issues as to Sim's alleged trafficking of uncharged victims." ECF No. 85 at 3. He appears to argue that the 404(b) evidence may not be relevant to the exploitation counts. *Id*. The District Court made a determination regarding 404(b) evidence on

July 23, 2021. ECF No. 94. But Mr. Sims' Reply, which was filed after that Order, does not follow up on the specific prejudice he will suffer given the order in place.

**II. Conclusion**

For all the reasons enumerated above, **IT IS ORDERED** that Defendant's Motion to Bifurcate (ECF No. 85) is **DENIED**.

DATED: October 27, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE