UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>     v.<br>GEORGE WASHINGTON SIMS III,<br><br>                    Defendant. | Case No. 2:21-cr-00026-ART-BNW<br><br>ORDER |

Before the Court are two motions in limine. (ECF Nos. 81 and 84.) Collectively, the United States moves preclude Sims from introducing unspecified evidence under Federal Rules of Evidence ("FRE") 608, 609, 412, and 403. The Court denies the motions without prejudice as it is not positioned to decide nuanced evidentiary questions outside of a better developed factual context.

I. **THE GOVERNMENT'S MOTIONS IN LIMINES ARE DENIED AS PREMATURE**

   A. **There is an insufficient factual record to rule in limine regarding FRE 608, 609, and 403.**

The government argues that the defense should be precluded from introducing evidence regarding any other crimes or bad acts of the alleged victims, as improper impeachment evidence under FRE 608 and 609, and more prejudicial than probative under FRE 403. It does not provide the specific convictions or bad acts at issue, nor does it identify the alleged child victims or adult victims who may have engaged in the acts and convictions to which it alluded. The prematurity of the government's request is heightened by the fact that the Court is potentially tasked with weighing the probative value of evidence against its prejudicial effect. The defense acknowledges that there are limitations

1

on areas of inquiry under the Federal Rules of Evidence but asserts that Sims must be allowed sufficient opportunity to examine credibility, bias and trustworthiness of each witness brought against him in trial.

Both parties argue in generalities and provide few facts. A motion in limine is not an appropriate vehicle to seek a general pronouncement that the Federal Rules of Evidence apply. The Court is mindful that Judge Navarro previously ruled in limine regarding the permissible scope of adult victims' testimony, ruling on a more robust factual record. Still, even in that context, Judge Navarro highlighted that "in limine rulings 'are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial.'" (ECF No. 94 at 3)(*quoting Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). On the factual record proffered in support of the government's motion, the Court cannot so much as make a preliminary determination regarding what evidence would or would not be admissible pursuant to FRE 608, 609, and 403. The government's motion will thus be denied as premature.

Because the government specifically uses the word "impeachment" throughout its motion, however, the Court reminds the parties of the distinction between character for truthfulness and impeachment. There is no dispute that evidence of bad acts cannot be admitted pursuant to FRE 609, which permits admission only of "criminal conviction[s]." Fed. R. Evid. 609(a). Furthermore, FRE 608 prohibits other act evidence to attack a witness' truthfulness except convictions permitted by Rule 609. Fed. R. Evid. 608(b).

The 2003 amendments to Federal Rule of Evidence 608(b) substituted the phrase "character for truthfulness" for "credibility." The purpose was to "clarify that the absolute prohibition on extrinsic evidence applies only when the sole reason for proffering that evidence is to attack or support the witness'[s] character for truthfulness." Fed. R. Evid. 608 advisory committee's note to the 2003 amendment.

As the advisory committee noted, "On occasion, the Rule's use of the overbroad term 'credibility' has been read to bar extrinsic evidence for bias, competency, and contradiction impeachment since they, too, deal with credibility." *Id.* "By limiting the application of [Rule 608(b)] to proof of a witness's character for truthfulness, the amendment leaves the admissibility of extrinsic evidence offered for other grounds of impeachment (such as contradiction, prior inconsistent statement, bias and mental capacity) to Rules 402 and 403," the general rules on relevance. *Id.* (internal citations omitted).

The 2003 amendment substituting "character for truthfulness" for "credibility" conforms Rule 608(b) "to its original intent, which was to impose an absolute bar on extrinsic evidence only if the sole purpose for offering the evidence was to prove the witness's character for veracity." *Id.*

Likewise, the 2006 amendments to Federal Rule of Evidence 609 substitutes the term 'character for truthfulness' for the term 'credibility' in the first sentence of the Rule. "The limitations of Rule 609 are not applicable if a conviction is admitted for a purpose other than to prove the witness's character for untruthfulness." Fed. R. Evid. 609 advisory committee's note to the 2006 amendment.

With this reminder, the Court denies the motion (ECF No. 84) without prejudice as premature. The Court will address whether any evidence or line of examination is admissible under FRE 608, 609, and 403 in the context of a developed factual record and will permit briefing and argument outside the presence of the jury. The Court notes that it will also permit additional briefing and argument outside the presence of the jury regarding whether it should revisit any in limine order as the factual record evolves.

**B.      It is premature to decide evidentiary issues under FRE 412, and the government's motion is moot with respect to consent.**

The government moves the court in limine under FRE 412 to preclude

1 evidence that any of the alleged minor victims consented to being trafficked or subjects of child pornography. The defense represents that it will not improperly argue the alleged victims' consent. The motion (ECF No. 81) is therefore denied as moot with respect to the issue of consent. The government argues that any evidence regarding the alleged victims' sexual behavior cannot be used for impeachment under FRE 412. The defense advises it will comply with FRE 412, and thus the government's motion is premature. FRE 412 delineates specific procedures to determine admissibility if a party intends to offer such evidence, including filing a motion 14 days before trial and notifying a victim or a victim's guardian or representative. Fed. R. Evid. 412(c). The Court thus agrees with the defense that the government's motion in limine (ECF No. 81) is premature and should be denied on that basis.

The court will consider the specific evidence and purpose for which it is offered pursuant to Rule 412 and determine whether the evidence is relevant and not unduly prejudicial pursuant to Federal Rules of Evidence 401 and 403, upon the parties' compliance with FRE 412(c).

**II.    CONCLUSION**

The government's motions in limine (ECF Nos. 81 and 84) are premature in the context of this underdeveloped factual record. On the record before it, the Court would be limited to essentially ordering that the Federal Rules of Evidence apply in trials. The Court is sensitive to the issues at stake for both parties with respect to these evidentiary issues, including the deeply personal nature of some of the evidence alluded to by the government and Sims' right to confront witnesses. The Court will allow the parties to argue, and if necessary further brief, these evidentiary issues outside the presence of the jury but in the context of a developed factual record. The Court thus denies the motions without prejudice.

///

///

IT IS THEREFORE ORDERED that the government's motions in limine (ECF Nos. 81 and 84) are denied without prejudice.

DATED THIS 8th Day of June 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE